UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 24CR1429-RSH |
|---|---|
| Plaintiff, | PRELIMINARY ORDER OF CRIMINAL FORFEITURE |
| v. | |
| JOHN CLEVELAND FALLS, | |
| Defendant. | |

WHEREAS, in the Indictment the United States sought forfeiture of all right, title, and interest in all firearm and ammunition of Defendant JOHN CLEVELAND FALLS ("Defendant"), pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c) as the firearm and ammunition involved in the violation of Title 18, United States Code, Section 922(g)(1) as charged in Count 1 of the Indictment; and,

WHEREAS, on or about October 21, 2024, after a bench trial held before District Judge Robert S. Huie, Defendant was found guilty of the offense set forth in Count 1 of the Indictment, charging the defendant with felon in possession of a firearm in violation of violation of Title 18, United States Code, Section 922(g)(1), and the Court found the forfeiture allegations of the Indictment proven, which Indictment sought forfeiture pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section

2461(c), of all firearm and ammunition seized in connection with this case including but not limited to the following:

    a.    One (1) Heckler and Koch P30SK CAL:9mm SN:214-002409; and;

    b.    Six (6) Rounds of Ammunition CAL:9mm; and

WHEREAS, on October 10, 2024, the parties entered into a stipulation of facts and testimony that was filed with the Court on October 10, 2024, which provided the below facts:

1) Defendant was found in possession of the above referenced firearm and ammunition by San Diego Police Officers; and

2) Defendant, in a post-arrest statement, admitted ownership of the firearm; and

3) At the time Defendant was found in possession of the firearm and ammunition, the Defendant had been convicted of a felony, which was punishable by a term of imprisonment exceeding one year; and

4) At the time Defendant was in possession of the firearm and ammunition, Defendant was aware of his status as a convicted felon; and

5) The firearm and ammunition were shipped from one State to another, and therefore traveled in and affected interstate commerce; and

WHEREAS, by virtue of the facts set forth in the agreed stipulation of facts, the United States has established the requisite nexus between the forfeited firearm and ammunition and the offense; and

WHEREAS, by virtue of said stipulated facts and guilty verdict, the United States is now entitled to possession of the above-referenced firearm and ammunition, pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c) and Rule 32.2(b) of the Federal Rules of Criminal Procedure; and,

WHEREAS, pursuant to Rule 32.2(b), the United States having requested the authority to take custody of the above-referenced firearm and ammunition which are hereby found forfeitable by the Court; and

WHEREAS, the United States, having submitted the Order herein to the Defendant through his attorney of record, to review, and no objections having been received;

Accordingly, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. Based upon the stipulated facts and the guilty verdict of the Defendant of Count 1 of the Indictment, the United States is hereby authorized to take custody and control of the following firearm and ammunition, and all right, title and interest of Defendant JOHN CLEVELAND FALLS in the firearm and ammunition are hereby forfeited to the United States pursuant to Title 18, U.S.C. § 924(d)(1), and Title 28, United States Code, Section 2461(c) for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n):

   a. One (1) Heckler and Koch P30SK CAL:9mm SN:214-002409; and;

   b. Six (6) Rounds of Ammunition CAL:9mm.

2. The aforementioned forfeited assets are to be held by the Bureau of Alcohol Tobacco and Firearms in its secure custody and control.

3. Pursuant to Rule 32.2(b) and (c), the United States is hereby authorized to begin proceedings consistent with any statutory requirements pertaining to ancillary hearings and rights of third parties. The Court shall conduct ancillary proceedings as the Court deems appropriate only upon the receipt of timely third-party petitions filed with the Court and served upon the United States. The Court may determine any petition without the need for further hearings upon the receipt of the Government's response to any petition. The Court may enter an amended order without further notice to the parties.

4. Pursuant to the Attorney General's authority under Section 853(n)(1) of Title 21, United States Code, Rule 32.2(b)(6), Fed. R. Crim. P., and Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States forthwith shall publish for thirty (30) consecutive days on the Government's forfeiture website, www.forfeiture.gov, notice of this Order, notice of the United States' intent to dispose of the firearm and ammunition in such manner as the Attorney General may direct, and notice that any person, other than the Defendant, having or claiming a legal

interest in the above-listed forfeited firearm and ammunition must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

5. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the firearm and ammunition, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, or interest in the forfeited firearm and ammunition and any additional facts supporting the petitioner's claim and the relief sought.

6. The United States shall also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the firearm and ammunition that are the subject of the Preliminary Order of Criminal Forfeiture, as a substitute for published notice as to those persons so notified.

7. Upon adjudication of all third-party interests, this Court will enter an Amended Order of Forfeiture pursuant to Title 21 U.S.C. § 853(n) as to the aforementioned assets, in which all interests will be addressed.

8. Pursuant to Rule 32.2(b)(4), this Order of Forfeiture shall be made final as to the Defendant at the time of sentencing and is part of the sentence and included in the judgement.

**IT IS SO ORDERED.**

DATED: 4/17/25

*Robert S. Huie*

Honorable Robert S. Huie
United States District Judge